NUMBER 13-99-227-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


GLENN STARK
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 214th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez 

Opinion by Justice Dorsey



 A jury found appellant Glenn Stark guilty of aggravated sexual
assault and assessed punishment at life in prison. By two points of
error he asserts that the trial court erred by allowing the State to
present evidence of unadjudicated, extraneous offenses at the
punishment phase pursuant to article 37.07(3)(a) of the Texas Code of
Criminal Procedure because (1) it violated his due process rights under
the Texas and U.S. Constitutions, and (2) the court failed to have a
hearing outside the jury's presence to determine if the State could have
proven the offenses beyond a reasonable doubt. We affirm.

 During the punishment phase the State's attorney made an
opening statement in which he told the jury that he would call as a
witness appellant's stepdaughter, Valerie Bynum, to describe the sexual
abuse she had to endure as a child while living with appellant. After
the State's attorney finished his opening statement appellant objected
to the prospective testimony of Bynum as follows:

 I realize there is not much under the law on the part about
the sexual assault of a child, I would like to have a hearing
on that. I believe the testimony is going to be this is -- the
alleged event took place 20 years ago. There were no
charges ever brought. I believe that there are statute of
limitations to handle these situations. And in fact, it was in
another State, and under the statute of limitations they want
to make these charges now. I believe it is highly prejudicial
and that I don't think the evidence is going to have probative
value. It is completely speculative as to what happened. I
think that there is a problem with reliability on something
that wasn't ever brought, no police charges were ever
brought, something that happened supposedly 20 years ago.


The trial court overruled the objection. Valerie Bynum testified before
the jury that when she was eight years old appellant forced her to have
sex with him. She also testified that on another occasion he forced her
to have sex with him.

 By point one appellant asserts that the trial court erred by allowing
the State to use the unadjudicated, extraneous offenses in the
punishment phase pursuant to article 37.07(3)(a) because it violated his
fundamental due process rights under the Texas and U.S. Constitutions. 
Specifically, he argues that admission of the extraneous offenses
constituted a violation of the Fourth, Fifth, and Sixth Amendments to
the U.S. Constitution and Article 1, Section 19 of the Texas Constitution
because each extraneous offense had not been "tested" through
fundamental due process such as the right to grand jury indictment,
right to remain silent, the right to jury trial, and the right to
confrontation. Appellant did not lodge this objection to Bynum's
testimony. To preserve a complaint for appellate review the accused
must present to the trial court a timely request, objection, or motion,
stating the specific grounds for the ruling desired. Tex. R. App. P.
33.1(a)(1)(A); Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim. App.
1996). Because appellant is raising this complaint for the first time on
appeal any error is waived. Rhoades, 934 S.W.2d at 120. We overrule
point one.

 By point two appellant asserts that the trial court erred by
allowing the State to use unadjudicated, extraneous offenses at the
punishment phase without first determining if the State could have
proved the existence of the extraneous offenses beyond a reasonable
doubt. Article 37.07(3)(a) states:

 [E]vidence may be offered by the state and the defendant as
to any matter the court deems relevant to sentencing,
including . . . any other evidence of an extraneous crime or
bad act that is shown beyond a reasonable doubt by
evidence to have been committed by the defendant or for
which he could be held criminally responsible, regardless of
whether he has previously been charged with or finally
convicted of the crime or act.


Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a) (Vernon Supp. 2000)
(emphasis added).

 In the instant case appellant argues that because the trial court did
not determine whether the State could have proved the existence of the
extraneous offenses beyond a reasonable doubt the trial court should
not have let the evidence go before the jury. However in his objection
to the court appellant did not ask the court to determine whether the
State could prove the extraneous offenses beyond a reasonable doubt. 
Because the objection does not comport with the complaint on appeal
we conclude that nothing is presented for our review. Santellan v.
State, 939 S.W.2d 155, 171 (Tex. Crim. App. 1997). Further in Guerra
v. State, 942 S.W.2d 28 (Tex. App.--Corpus Christi 1996, pet ref'd) the
accused argued that article 37.07 requires that, before the jury hears
testimony about an extraneous offense, the trial court should determine
whether he had committed the extraneous offense beyond a reasonable
doubt. We held "that the requirement of proof beyond a reasonable
doubt for extraneous offense evidence during the punishment phase is
properly left for the fact finder, in this case the jury, to decide." Guerra,
942 S.W.2d at 34. We overrule point two.

 We affirm the trial court's judgment. 


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 8th day of June, 2000.